IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | CASE NO. CV F 05-01484 OWW WMW HC |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT** |
| vs. | |
| A. K. SCRIBNER, | |
| Respondent. | |

On June 28, 2005, Petitioner, currently represented by counsel, filed a Petition for Writ of Habeas Corpus District of California ("Central District").[1]  The Central District transferred the Petition to the United States District Court for the Eastern District of California ("Eastern District") pursuant to 28 U.S.C. § 2241(d), On November 22, 2005, the Eastern District received the Petition.

On December 12, 2007, Respondent filed an Answer to the Petition.  Petitioner did not file a Traverse or a request for an extension of time to do so.  On December 23, 2008, Petitioner filed a letter with the Court  stating he was "released" on December 17, 2008, and  updating his address of record to a residential address in Los Angeles, California.

**DISCUSSION**

---

[1]  Although petitions for habeas corpus relief are routinely referred to a Magistrate Judge, *see* L.R. 72-302, the Court exercises its discretion to address the Petition pursuant to Local Rule 72-302(d).

1

Petitioner challenges a prison disciplinary hearing held at Corcoran that resulted in a 30-day credit loss. (*See* Pet. 5-6.)

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003) (*quoting Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "In order to satisfy the case-or-controversy requirement, the parties must have a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings." *Id.* (citation and internal quotation marks omitted).

Here, as evidenced by Petitioner's letter to the Court, Petitioner has either been released on parole or otherwise has completed his sentence. (Doc. 48.) Upon the expiration of Petitioner's sentence and/or Petitioner's release on parole, any claim regarding the restoration of good-time credits lost at a disciplinary hearing became moot because the remedy—a restoration of time credits—would serve no purpose.

In addition, a presumption of collateral consequences does not apply to prison disciplinary proceedings, and Petitioner has not alleged collateral consequences sufficient to avoid dismissal on the ground of mootness. *See Wilson*, 319 F.3d at 480.

Accordingly, the Petition is moot, there is no case or controversy under Article III, and the Court cannot grant any further relief to Petitioner.

Because Petitioner challenges a prison disciplinary hearing, a certificate of appealability is not required. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005).

### CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES the Petition for Writ of Habeas Corpus as moot. The Clerk of Court is ORDERED to enter Judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   February 20, 2009             /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE

2